IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRENT NOBBE, a minor, by and through his Parents and Next Friends, LISA BAYLES and JAMES M. NOBBE, and LISA BAYLES and JAMES M. NOBBE, Individually, <br><br>Plaintiffs, <br><br>v. <br><br>GENERAL MOTORS CORP., a Delaware Corporation, and BLUE BIRD BODY COMPANY, a Delaware Corporation, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) No. 09-3147 ) ) ) ) ) ) ) ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Blue Bird Body Company's Motion to Dismiss Plaintiffs' Complaint (d/e 15). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

STANDARD FOR MOTION TO DISMISS

For purposes of a motion to dismiss, the Court must accept as true all

1

well-pleaded factual allegations in the Complaint. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" E.E.O.C. v. Concentra Health Svs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is plausible on its face if the allegations provide the defendant with fair notice of what the claim is and the grounds upon which it rests. Moore v. F.B.I., 283 Fed.Appx. 397, 399 (7th Cir. 2008).

## STATEMENT OF FACTS

The Plaintiffs Brent Nobbe and his parents James Nobbe and Lisa Bayles (collectively Nobbe) alleged that on August 27, 2003, Brent Nobbe was riding on a school bus in Montgomery County, Illinois. The bus was manufactured by Defendants General Motors Corporation (GM) and Blue Bird Body Company (Blue Bird). The bus rolled over and Brent Nobbe was paralyzed. Complaint (d/e 1), at 3-5. Nobbe alleged that the bus's brake warning light was improperly placed on the bus driver's console; the bus did not provide proper passenger restraints or padding in the seating

2

compartment; and the bus did not have appropriate impact force reducing structures. <u>Complaint</u>, at 5-10. Nobbe alleged a products liability claim and a negligence claim against GM and Blue Bird based on these alleged failings in the bus's design and manufacture. The claim against GM is stayed pending GM's ongoing bankruptcy.

Blue Bird moves to dismiss on the grounds that: (1) the Complaint is verbose and confusing, and so fails to give notice of the claims; (2) the Complaint improperly alleges negligence per se; and (3) the Complaint improperly seeks lost wages for Nobbe's parents. The Plaintiffs concede the second and third point. The request to dismiss those parts of the Complaint is allowed.

The remaining issue is whether the Complaint is so confusing and verbose that Blue Bird is not given fair notice of the claim. The Court finds that the Complaint gives fair notices, and so, states a claim. The Complaint contains a great deal of unnecessary detail, but it still provides notice of the basis of the claim. The parties can narrow and refine the issues through discovery.

THEREFORE, Defendant Blue Bird Body Company's Motion to Dismiss Plaintiffs' Complaint (d/e 15) is ALLOWED in part and DENIED

3

in part. The Plaintiffs' claim of negligence per se and the claim for lost wages by James Nobbe Lisa Bayles are dismissed. The Motion is otherwise denied. Defendant Blue Bird Body Company is directed to answer the remainder of the Complaint by July 17, 2009.

IT IS THEREFORE SO ORDERED.

ENTER: June 24, 2009

    FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE